UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMTHU TRINH,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY *et al.*,<br><br>Defendants. | Case No.: 3:16-cv-2985-L-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court in this mortgage foreclosure action is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Wells Fargo & Company ("Wells Fargo" or "Defendant"). Plaintiff filed an opposition and Defendant replied. For the reasons which follow, the motion is granted in part and denied in part. Plaintiff's request for leave to amend is granted.

**I.  Background**

Plaintiff owns a residence in San Diego, California ("Property"). (Compl. at 2.) She financed it with a $500,000 mortgage loan issued by Wells Fargo's predecessor. (*Id*. at 8.) She made regular monthly payments until August 2012, when she was laid off. (*Id*.) From March 2014 through February 2015, Keep Your Home California made the

payments on Plaintiff's behalf. (*Id.*) In mid-2015, Plaintiff applied for a loan modification, which was denied. (*Id.*) She applied again in May 2016, but her application was again denied, and her appeal of the denial was unsuccessful. (*Id.*) Plaintiff maintains that Wells Fargo wrongfully denied her application and related appeal because it was relying on erroneous income amounts. (*Id.* at 8-9.) On July 7, 2016, Plaintiff made a loan modification application under Defendant's Unemployment Program, based on "substantially changed financial circumstances." (*Id.* at 9.) With the assistance of the Urban League of San Diego, she reapplied on July 26, 2016. (*Id.*) She received no acknowledgment of, or response to, her July 2016 applications. Instead, on August 2, 2016, she received a Notice of Default, and on August 8, 2016, she received a Notice of Foreclosure. (*Id.*)

Plaintiff filed a complaint in state court alleging state law claims for violation of the California Homeowner's Bill of Rights ("HBOR"), specifically Civil Code Sections 2923.6 and 2924.10.[1] She also asserts negligence, quiet title, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and requests an accounting. Defendant removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332, and then moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

II. **Discussion**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to

---

[1] Plaintiff listed § 2923.10 in the complaint. This appears to be a typographical error because Section 2923.10 does not appear in the California Civil Code. Defendant addresses the claim as a § 2924.10 claim (Mot. at 7), which Plaintiff adopts in her opposition (*see* Opp'n at 4).

plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

  A. <u>Violation of California Civil Code Section 2923.6</u>

In her first cause of action Plaintiff contends that Defendant violated § 2923.6(c) when it recorded a Notice Default while her application for loan modification was pending. Section 2923.6(c) states:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending*. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
>
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

(Emphasis added.) Plaintiff's theory is that because she did not receive any response to or acknowledgement of her July 2016 applications, Defendant was prohibited from recording a Notice of Default or Notice of Foreclosure.

Defendant counters based on the exception provided in § 2923.6(g), which states in pertinent part:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated . . ., unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Plaintiff alleged that prior to her July 2016 applications, she had applied twice and was denied. (Compl. at 8-9). With respect to her July 2016 applications, she alleges that she had "substantially changed financial circumstances" in that her "employment situation [was] in flux until [she and the other borrowers could] find steady work." (*Id.* at 9.) She also alleged that she faxed a "completed application and all documents."

Plaintiff's allegations are sufficient to state a claim for a § 2923.6(c) violation despite her previous loan modification applications. Plaintiff's July 2016 applications are not before the Court as a part of the complaint, and Defendant has not sought judicial notice, *see United States v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011), to determine whether Plaintiff documented a material change in her financial circumstances. Defendant may raise the issue and supporting evidence on an appropriate motion or at trial. Defendant's motion is denied with respect to the first cause of action.

B. <u>Violation of California Civil Code Section 2924.10</u>

In the second cause of action Plaintiff alleges that Defendant violated § 2924.10 because it did not provide a written acknowledgment of either one of the July 2016 loan modification applications, as required by § 2924.10(a). Defendant does not dispute that acknowledgment was required, but argues that to state a viable claim, § 2924.12(a) and

(b) require that a violation be material. Plaintiff does not allege that the violation was material, and does not offer any argument to address this issue. Defendant's motion to dismiss is therefore granted as to the second cause of action.

Plaintiff requests leave to amend to the extent Defendant's motion is granted. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citation omitted). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *Id*. Because it appears that Plaintiff may be able to amend her second cause of action, the claim is dismissed with leave to amend.

    C.    Negligence

Plaintiff alleges Defendant was negligent in denying her loan modification applications in 2015 and May 2016 because it misapplied the information she had provided, and failed to process the applications, including the July 2016 request for unemployment program, with due care. Defendant argues that it owed no duty of care and that Plaintiff failed to allege causation and damages.

California law applies to the issue whether Defendant owed a duty of care.[2] Under California law, "[w]hether a duty of care exists is a question of law to be determined on a

---

[2] "In diversity cases, a federal court must conform to state law to the extent mandated by the principles set forth in the seminal case of *Erie R.R. v. Tompkins*, 304

5

case-by-case basis." *Alvarez v. BAC Home Loans Servicing, L.P.,* 228 Cal. App. 4th 941, 944 (2014). *Alvarez v. BAC Home Loans Servicing, L.P.* addresses a mortgage servicer's duty of care where the plaintiff alleged, among other things, that the servicer mishandled his loan modification applications by relying on incorrect income information. *Id*. at 944-45. Upon considering the facts of the case and weighing the *Biakanja* factors, *see Biakanja v. Irving,* 49 Cal.2d 647, 650 (1958), the court in *Alvarez* concluded that, "while a lender does not have a duty to offer or approve a loan modification," it owes a duty, once it begins considering an application, not to mishandle the borrower's documents. *Id.* at 945-51. Here, Plaintiff alleged that her application was denied because Defendant used incorrect income information and failed to correct the error, when it was brought to its attention. (Compl. at 8 & 12.) This is sufficient to allege a duty of care.

With respect to causation and damages, Plaintiff alleged that Defendant's error regarding Plaintiff's income caused her application to be denied. (Compl. at 8 & 12.) Causation and damages can be established by showing that the defendant's mishandling of the application caused denial of the application and loss of the opportunity to modify the loan. *Alvarez*, 228 Cal. App.4th at 948 ("mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested relief[,as] he lost the opportunity of obtaining loan modification") & 951 ("Plaintiffs have also alleged that the improper handling of their applications deprived them of the opportunity to obtain loan modification"). Defendant argues *Alvarez* is distinguishable by pointing out that the plaintiff's home in *Alvarez* was foreclosed. Although this fact contributed to the finding of causation and damage, the Court did not single it out as the determinative factor. *See id.* at 948 & 951. Defendant's motion to dismiss the negligence claim is therefore denied.

/ / / / /

---

U.S. 64 ... (1938). Pursuant to *Erie* and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003), citing *Erie*, 304 U.S. at 78.

D.  Quiet Title

Plaintiff's quiet title claim is derivative of Plaintiff's HBOR claims.  (Compl. ¶ 52.) Plaintiff's first cause of action for HBOR violation of Civil Code Section 2923.6 survives Defendant's motion, and is not based on averments of fraud.  Defendant's initial argument, that the claim should be dismissed because Plaintiff did not include sufficient allegations of fraud to meet Rule 9(b) specificity requirements, is therefore rejected.

Next, Defendant argues that HBOR provides a safe harbor for violations, which are remedied prior to foreclosure.  In pertinent part, section 2924.12 provides:

> (a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section ... 2923.6 ... .
>
> (2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent *has corrected and remedied the violation* or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

(Emphasis added.)  It appears from the allegations that Defendant has not recorded a deed upon sale (*see* Compl. ¶36 (seeking to prevent Defendant from conducting a trustee's sale)), and that Defendant has not remedied the alleged violation (*see id.* ¶35 ("uncorrected violation")).  Defendant's safe harbor argument is therefore rejected.

Defendant also argues that Plaintiff failed to allege she "has or can tender her indebtedness."  (Mot. at 11.)  This is incorrect.  Plaintiff alleged that she "will be able to tender the amount due to discharge the debt or the amount necessary to cure the purported deficiency."  (Compl. ¶54.)  Although this allegation seems tenuous at best given the allegations regarding her apparent lack of steady employment, at this stage in the proceedings, the Court does not judge the credibility of Plaintiff's allegations.  *See Twombly,* 550 U.S. at 556 ("a well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely" (internal quotation marks and citation omitted)).

For the first time in the reply, Defendant argues that quiet title is not available as a remedy for HBOR violations. (Reply at 5 n.1.) The Court declines to consider the argument at this time, as it would deprive Plaintiff of an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") For the foregoing reasons, Defendant's motion to dismiss the quiet title claim is denied.

Finally, Defendant argues the action should be dismissed under Rule 12(b)(7) for failure to join Plaintiff's co-borrowers as indispensable parties under Rule 19. In her complaint, Plaintiff suggests that she took out the loan with co-borrowers. (*See* Compl. ¶28 ("Plaintiff and the other borrowers' [*sic*] have all been working at new and different jobs"); *see also* Defendant's Request for Judicial Notice Ex. A (Deed of Trust listing three borrowers).) It is unclear whether the co-borrowers are also co-owners of the Property. Plaintiff does not name any of the other borrowers as parties to this action.

A Rule 12(b)(7) motion to dismiss for failure to join will be granted only if the court determines: (1) joinder of the party is not possible, and (2) the party is "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

> To determine whether a party is 'indispensable' under Rule 19, a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; if [the party is necessary but] cannot be joined, then the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed.

*Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (quoting Fed. R. Civ. Proc. 19).

An absent party is "necessary" under Rule 19(a) when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an

> interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1).

Defendant contends joinder of the co-borrowers is necessary because Plaintiff seeks to quiet title, and an adjudication without joinder of the co-borrowers could expose it to conflicting obligations. (Mot. at 15.) According to Defendant, failure to join could create a risk of multiple litigation and inconsistent rulings because the co-borrowers could bring independent lawsuits against Defendant.

Plaintiff does not address the joinder arguments in her opposition. Based on the allegations in the complaint, and without Plaintiff's input, Defendant's arguments support the conclusion that the co-borrowers may be necessary parties. Even so, Defendant has provided no reason for the Court to conclude that the co-borrowers cannot be joined. Only if a necessary party cannot be joined, and is deemed indispensable to the action, can the action be dismissed for non-joinder. Fed. R. Civ. Proc. 19(b); *Shermoen*, 982 F.2d at 1317. Accordingly, Defendant has not met its burden to dismiss this action for non-joinder. *See Shermoen*, 982 F.2d at 1317 ("the moving party has the burden of persuasion in arguing for dismissal").

Although Defendant has not met its burden to warrant dismissal of the quiet title claim, Defendant has shown that Plaintiff should comply with Rule 19(c) to "state (1) the name, if known of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person." Accordingly, Plaintiff shall amend the complaint to include the allegations required by Rule 19(c). Failure to timely comply with this order will result in the dismissal of the quiet title claim.

E. <u>Unfair Competition Law</u>

Plaintiff alleges that Defendant violated the UCL because it violated the HBOR. (Compl. at 13-14.) California law "establishes three varieties of unfair competition - acts

or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). Because the claim for violation of Civil Code § 2923.6 survives Defendant's motion, Defendant's initial argument, that Plaintiff has alleged no basis for a UCL violation, is rejected.

Next, Defendant argues that Plaintiff has no standing to allege a UCL violation. To have standing, a plaintiff must have suffered an economic injury-in-fact. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013). Defendant argues that Plaintiff does not allege she suffered any economic loss or that any loss was caused by Defendant. Plaintiff's theory of § 2923.6(c) violation is that Defendant recorded a Notice of Default while her loan modification application was still pending. Neither the first cause of action, nor the fifth cause of action for UCL violation, alleges damages or causation.

Accordingly, Defendant's motion to dismiss the UCL claim is granted. Plaintiff is granted leave to amend the complaint to allege damages and causation as required to state a claim under UCL.

F. <u>Accounting</u>

In her sixth cause of action, Plaintiff alleges that accounting is necessary because she has received conflicting information from Defendant regarding the amount she owes on the loan. (Compl. ¶63.) This alone is insufficient to state a claim for accounting.

> An accounting is an equitable proceeding which is proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debits and credits on the books to determine what is due and owing. ... If an ascertainable sum is owed, an action for an accounting is not proper.

*Prakashpalan v. Engstrom, Lipskomb & Lack*, 223 Cal. App. 4th 1105, 1136-37 (2014). Even against a fiduciary, "the action does not lie merely because the books and records are complex." *Id.* at 1137. Furthermore, to state a claim, money must be owed Plaintiff. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179, 180 (2009).

It is undisputed that Plaintiff's loan was for a sum certain. (*See* Compl. ¶23.) Although Plaintiff sufficiently alleges that there appears to be some confusion regarding the amount she currently owes Defendant, she has not alleged that the sum cannot be ascertained by calculation. When the sum is ascertainable or could be made ascertainable by calculation, accounting is not available. *See Prakashpalan*, 223 Cal. App. 4th at 1137; *Teselle*, 173 Cal. App. 4th at 180.

For the foregoing reasons, Defendant's motion to dismiss the claim for accounting is granted. Based on Plaintiff's allegations, amendment would be futile. Leave to amend is therefore denied.

### G. Specificity of Factual Allegations

Finally, Defendant makes a general argument that the facts of the case are not alleged with sufficient specificity. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting Fed. R. Civ. Proc. 8(a)(2), other quotation marks, citation and ellipsis omitted). The rule does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although "detailed factual allegations" are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quotation marks, brackets and citations omitted).

Except as noted above in relation to specific causes of action, Plaintiff has met the notice pleading standard. As is apparent from the motion briefs, Defendant was sufficiently appraised of the factual basis for Plaintiff's claims to formulate its arguments for dismissal.

For the foregoing reasons, Defendant's motion is granted in part and denied in part. Plaintiff is granted leave to amend as provided herein. If Plaintiff chooses to file an amended complaint, she must file and serve it no later than **December 11, 2017**.

Defendant shall file its response, if any, as provided by Rule 15(a)(3).  If Plaintiff does not file an amended complaint, Defendant shall file its answer, if any, no later than **December 26, 2017.**

**IT IS SO ORDERED.**

Dated:  November 16, 2017

_____
Hon. M. James Lorenz
United States District Judge