UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMTHU TRINH,<br><br>                              Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY et al.,<br><br>                              Defendant. | Case No.:  3:16-cv-02985-L-BGS<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND ORDERING PLAINTIFF TO JOIN NECESSARY PARTIES** |

Pending before the Court in this mortgage foreclosure action is a motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7), or alternatively for a more definite statement pursuant to Rule 12(e), filed by Defendant Wells Fargo & Company ("Defendant"). Plaintiff filed an opposition and Defendant replied. For the reasons which follow, Defendant's motion is granted in part. Plaintiff is ordered to join necessary parties.

/ / / / /

## I. BACKGROUND

Plaintiff, together with Thuy V. Trinh and Restituto L. Pamelar,[1] owns a residence in San Diego, California ("Property").  (First Am. Compl. ("FAC") [doc. 10] ¶¶ 1, 55.) Plaintiff, Thuy and Restituto financed the Property with a $500,000 mortgage loan issued by Defendant's predecessor.  (*Id.* ¶¶ 23, 55; Def's Req. for Jud. Notice [doc. 12] Ex. 1 ("Deed of Trust")[2] at 1.)  Plaintiff alleges that she made regular monthly payments until August 2012, when she was laid off.  (FAC ¶ 23.)  From March 2014 through February 2015, Keep Your Home California made payments on her behalf.  (*Id.* ¶ 24.)  On November 9, 2015, Plaintiff applied for a loan modification.  (*Id.* ¶ 25.)  On December 29, 2015, she received a letter from Defendant denying her application.  (*Id.*)  Plaintiff applied again on May 3, 2016, but her application was again denied, and her appeal of the denial was unsuccessful.  (*Id.* ¶ 26.)  Plaintiff maintains that Defendant wrongfully denied her application and related appeal by relying on erroneous income amounts.  (*Id.* ¶ 27.) On July 7, 2016, Plaintiff made a loan modification application under Defendant's Unemployment Program, based on "substantially changed financial circumstances" in that the employment situation of Plaintiff and her co-borrowers had changed.  (*Id.* ¶ 28.) With the assistance of the Urban League of San Diego, she reapplied on July 26, 2016. (*Id.*)  Plaintiff alleges that she received no acknowledgement of, or response to, her July

---

[1]   Because Plaintiff and Thuy V. Trinh share the same last name, the Court refers to Thuy V. Trinh as Thuy, and for the sake of uniformity, refers to Restituto L. Pamelar as Restituto.  No disrespect is intended by using their first names.

[2]   The Court takes judicial notice of the Deed of Trust, recorded in the official records of the San Diego County Recorder's Office, which is referenced in the complaint (*see, e.g.,* FAC ¶ 54).  *See* Fed. R. Evid. 201 (matters of public record); *United States v. Corinthian Colleges,* 655 F.3d 984, 998-99 (9th Cir. 2011) (document referenced in the complaint).  Material properly subject to judicial notice may be considered without converting a motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

2016 applications before receiving a Notice of Default on August 2, 2016 and a Notice of Foreclosure on August 8, 2016.  (*Id.* ¶ 29.)

Plaintiff filed a complaint in state court alleging state law claims for violation of the California Homeowner's Bill of Rights ("HBOR"), specifically Civil Code §§ 2923.6 and 2924.10.  She also alleged negligence and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), sought to quiet title, and requested an accounting.  Defendant removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332, and then moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.  This Court granted the motion to dismiss in part.  Plaintiff's claim for accounting was dismissed without leave to amend, but Plaintiff was granted leave to amend her other claims.  (Order Granting in Part and Denying in Part Def.'s Mot. to Dismiss, filed Nov. 16, 2017 ("11/16/17 Order") [doc. 9].)  On December 11, 2017, Plaintiff filed her amended complaint ("FAC" [doc. 11].)  Defendant moves to dismiss it pursuant to Rules 12(b)(6) and (7) or, in the alternative, for a more definite statement pursuant to Rule 12(e).  Plaintiff opposes.

## II. DISCUSSION

### A. Failure to State a Claim

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted).  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006).  However, legal conclusions need not be taken as true merely because they are couched as factual

allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.,* 139 F.3d 696, 699 (9th Cir. 1998).

### 1. California Civil Code Section 2923.6

In her first cause of action Plaintiff alleges that Defendant violated California Civil Code § 2923.6 by "dual tracking" her loan. (FAC ¶ 31.) She relies on § 2923.6(c), which has since been re-numbered as § 2924.11(a).[3] Section 2924.11(a) prohibits recording notices of default or conducting a trustee's sale while a loan modification is pending. Plaintiff contends Defendant violated this provision because she applied for a loan modification in July 2016, but did not receive a response or acknowledgement; instead she received a Notice of Default on August 2, 2016 and a Notice of Foreclosure on August 8, 2016. (FAC ¶ 29.).

---

[3]   Section 2923.6(c) was repealed on January 1, 2018, *see* Stats. 2012, ch. 87 (S.B. 900), § 8, operative Jan. 1, 2018; however, it was re-numbered unchanged as § 2924.11(a). "A cause of action which rests solely on a statutory basis terminates on legislative repeal of the statute unless . . . the repealed statute is simultaneously reenacted in substantially the same form." *S. Coast Regional Com. v. Gordon*, 84 Cal. App. 3d 612, 616 (1978) (footnotes omitted); *Governing Board v. Mann,* 18 Cal.3d 819, 829-30 (1977)*; see also Travis v. Nationstar Mortgage, LLC*, 2018 WL 2093321, at *1 (9th Cir. May 7, 2018, No. 16-55388) (quoting *Chambers v. Davis*, 131 Cal. App. 500, 506 (1933)) ("[W]hen a statute is repealed without a saving clause and as a part of the same act[,] it is simultaneously re-enacted in substantially the same form and substance, all rights and liabilities which accrued under the former act will be preserved and enforced.").

Many of the statutes on which the parties rely in this action have been amended, renumbered, or repealed effective January 1, 2018. This was less than a month after Plaintiff filed her amended complaint and before the pending motion was fully briefed. These legislative changes were expected. The provisions the parties rely on were enacted with a sunset date of January 1, 2018, and the provisions that replaced them effective January 1, 2018 were enacted on July 11, 2012. S*ee* Stats. 2012, ch. 86 & 87 (A.B. 278, S.B. 900). Yet neither party has attempted to address these changes in their briefing.

      Defendant counters it can avoid liability under a safe harbor exception provided by California Civil Code § 2924.12(a)(2): "if a perceived violations [*sic*] of Sections 2923.6 or 2924.10 are corrected prior to a completed trustee's sale, no civil liability attaches." (MTD at 5:6-8 (citing Cal. Civ. Code § 2924.12(a)(2));[4] *see also id.* at 5-5-14.)  In support of this argument, Defendant offers two letters it sent Plaintiff on September 7, 2016 denying her modification applications (Def.'s RJN Exs. I & J [doc. no. 12-1]), which it claims corrected the alleged violations.

      As a general rule, the Court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting it to a motion for summary judgment. *Corinthian Colleges,* 655 F.3d at 998; *see also* Fed. R. Civ. Proc. 12(d). However, the Court may consider materials that are attached to, or referenced in, the complaint "on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges,* 655 F.3d at 999 (internal quotation marks and citation omitted).  Pursuant to Federal Rule of Evidence 201, the Court "may also take judicial notice of 'matters of public record,' but not of facts that may be 'subject to reasonable dispute.'"  *Id.*  Defendant's letters to Plaintiff do not fit into any category of materials which can be considered on a Rule 12(b)(6) motion.  Defendant's request for judicial notice is therefore denied.

      Furthermore, the safe harbor provision is an affirmative defense.  "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (2014).  Plaintiff's amended complaint does not

---

[4]    This provision has since been amended. *See* Stats. 2012, ch. 87 (S.B. 900), § 8, operative Jan. 1, 2018.  The Court need not at this time address the amendments, as Defendant's argument is rejected for other reasons.  Should Defendant rely on the same defense in the future, it must brief the effect of amendment.

reference the denial letters, and the facts necessary to support the safe harbor defense are not apparent on its face.  Accordingly, Defendant's motion is denied as to the first cause of action.

### 2. California Civil Code Section 2924.10

In her second cause of action Plaintiff alleges that Defendant violated § 2924.10 because it did not provide a written acknowledgement of either one of the July 2016 loan modification applications as required by § 2924.10(a).  (FAC ¶ 40.)  Defendant initially contends that it is entitled to the benefit of the safe harbor provision under § 2924.12(a)(2), because it sent denial letters in September, 2016.  (MTD at 6:1-12.)  As previously discussed, this argument is rejected because letters cannot be considered in support Defendant's motion, and because the facts necessary to support the safe harbor defense are not apparent on the face of the complaint.

In the alternative, Defendant argues that the alleged violation was not material. Plaintiff's second cause of action was dismissed following Defendant's initial 12(b)(6) motion because, to prevail, Plaintiff must show that the violation was material, and Plaintiff had not alleged this.  (11/16/17 Order at 4-5.)  Plaintiff was granted leave to amend.  (*Id.* at 5.)  In her amended complaint, she alleged that the purpose of the provision was to inform the homeowners of the status of their loan modification application, and that Plaintiff was "put in the horrible position of having to guess if her loan modification application has been received . . . while her foreclosure sale was pending."  (FAC ¶ 40.)  In her opposition, she argues that "she was materially harmed by defendant's failure to send timely written notice, and [her] resultant not knowing about the current status of her loan modification application."  (Opp'n at 5:9-11 (emphasis added).)  She does not maintain that the violation was material and implies that, albeit untimely, Defendant did send her notice, but that the untimeliness temporarily caused her to worry.  Plaintiff does not provide any authority in support of her argument that the facts she alleged are sufficient to meet the material violation requirement.

/ / / / /

Moreover, § 2924.10(a) was repealed, *see* Stats. 2012, ch. 86 (A.B. 278), § 13, operative Jan. 1, 2018.

> [As] a general rule, . . . a cause of action or remedy dependent on a statute falls with a repeal of the statute, even after the action thereon is pending, in the absence of a saving clause in the repealing statute. . . . The justification for this rule is that all statutory remedies are pursued with full realization that the legislature may abolish the right . . . at any time.

*Brenton v. Metabolife Intern., Inc.*, 116 Cal. App. 4th 679, 690 (2004) (citing *Callet v. Alioto*, 210 Cal. 65, 67-68 (1930); *see also Younger v. Super. Ct. (Mack)*, 21 Cal.3d 102, 109 (1978) ("an action wholly dependent on statute abates if the statute is repealed without a saving clause before the judgment is final."). Because Plaintiff's second cause of action is wholly dependent on the now repealed § 2924.10, and because there is no saving clause, Plaintiff is no longer able to rest on this statute. Furthermore, the claim cannot be saved by amendment, *see Foman v. Davis,* 371 U.S. 178, 182 (1962). Defendant's motion is therefore granted without leave to amend as to the second cause of action.

### 3. Negligence

In her third cause of action Plaintiff alleges Defendant was negligent in denying her loan modification applications in 2015 and May 2016 because it misapplied the information she had provided, and failed to process the applications, including the July 2016 request for unemployment program, with due care. (FAC ¶ 49.) Defendant argues that Plaintiff failed to adequately allege causation and damages. (MTD 8:1-8:2.) The same argument was previously rejected. (11/16/17 Order at 6). Defendant makes no new arguments and cites no binding authority issued after *Alvarez v. BAC Home Loan Servicing, L.P.,* 228 Cal. App. 4th 941, 944 (2014), on which the Order was based. Accordingly, Defendant's motion is denied as to the third cause of action.

### 4. Quiet Title

In her fourth cause of action Plaintiff seeks to quiet title in the Property "against the claims of Defendants and each of them in the subject property." (FAC ¶ 52). The

claim is derivative of Plaintiff's HBOR claims. (*Id.*)  Plaintiff's first cause of action for violation of Civil Code § 2923.6 (now § 2924.11(a)) survives Defendant's motion.  Defendant argues that the remedies for HBOR violations do not include quiet title.  (MTD 8:22-25.)  In her opposition, Plaintiff rests her quiet title solely to the alleged statutory violation.  (*See* Opp'n at 5-6.)  Pursuant to California Civil Code § 2924.12(a), a plaintiff alleging a § 2924.11 violation may be entitled to injunctive relief.  Available relief does not include quiet title.  Because Plaintiff has not pled a legally sufficient basis to quiet title, Defendant's motion to dismiss is granted without leave to amend as to the fourth cause of action.

### 5. Unfair Competition Law

In her fifth cause of action Plaintiff alleges, among other things, that Defendant violated the UCL by violating the HBOR.  (FAC ¶¶ 57, 58.)  Because the claim for violation of Civil Code § 2923.6 (now § 2924.11(a)) survives Defendant's motion, Defendant's initial argument that Plaintiff has alleged no basis for a UCL violation is rejected.  *See Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

Next, Defendant argues that Plaintiff failed to allege standing under the UCL.  Plaintiff's initial complaint was dismissed with leave to amend the UCL claim to allege standing.  (11/16/17 Order at 10.)  To have standing, a plaintiff must have suffered an economic injury-in-fact. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) (discussing the UCL).  Plaintiff alleges that she has been damaged "in the amount of foreclosure fees and costs already charged to and added to Plaintiff's Loan" based on Defendant's alleged violation of California Civil Code § 2923.6(c) (now § 2924.11(a)).  (FAC ¶ 59.)  These allegations are sufficient to satisfy the economic injury requirement. *Hinojos,* 718 F.3d at 1105.  Defendant's motion to dismiss is denied as to the fifth cause of action.

/ / / / /

**B.     Specificity of Factual Allegations**

Defendant moves for a more definite statement pursuant to Rule 12(e).  Rule 12(e) provides in pertinent part that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response."  Defendant presented the same argument in response to Plaintiff's initial complaint.  The argument is rejected for the reasons stated in the November 16, 2017 Order.  (11/16/17 Order at 11.)

**C.     Failure to Join Indispensable Parties**

Finally, Defendant seeks dismissal under Rule 12(b)(7) for failure to join indispensable parties under Rule 19.  (MTD 11:12-12:21.)  In the November 16, 2017, Order Plaintiff was ordered to comply with Rule 19(c) and state in the amended complaint "(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person."  (11/16/17 Order at 9.)

In the amended complaint, Plaintiff alleged that Thuy and Restituto are her co-owners of the Property, and that she did not join them as parties to this action because she believed it was not necessary.  (FAC ¶ 55.)  They are also Plaintiff's co-borrowers.  (*See* FAC ¶ 28 ("Plaintiff and the other borrowers' [*sic*] have all been working at new and different jobs"); Deed of Trust at 1).)

A Rule 12(b)(7) motion is granted if: (1) joinder of the party is not possible, and (2) the party is "indispensable." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

> To determine whether a party is 'indispensable' under Rule 19, a court must undertake a two-part analysis: it must first determine if an absent party is 'necessary' to the suit; if [the party is necessary but] cannot be joined, then the court must determine whether the party is 'indispensable' so that in 'equity and good conscience' the suit should be dismissed.

*Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (quoting Fed. R. Civ. Proc. 19).  An absent party is "necessary" under Rule 19(a) when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1).

Defendant contends joinder of the co-borrowers is necessary because adjudication of this action only as to Plaintiff would leave Defendant exposed to the risk of multiple and conflicting rulings. (MTD at 12.) The extent of Plaintiff's opposition is, "The FAC merely seeks to clear title to the Property as to any adverse claims of the named defendant, related to the foreclosure proceedings that were recently instituted by defendants." (Opp'n at 6.) Plaintiff does not dispute that adjudicating her claims only as to herself and not also as to the co-owners and co-borrowers would expose Defendant to the risk of multiple lawsuits and conflicting rulings. Based on the record before the Court, Thuy and Restituto are necessary parties under Rule 19(a)(1)(B)(ii).

Plaintiff does not contend that Thuy and Restituto cannot be joined. She explains that she did not join them because "they are not believed to be necessary . . .." (FAC ¶ 55.) Because the Thuy and Restituto are necessary parties who can be joined, they are not "indispensable." *See Shermoen*, 982 F.2d at 1317.

Although Defendant is correct that Plaintiff has failed to join necessary parties, it is not entitled to dismissal. A Rule 12(b)(7) dismissal is warranted when joinder of the party is not possible, and the party is "indispensable." *Shermoen,* 892 F.2d at 1317. Rule 19(a)(2) provides a different remedy for non-joinder of necessary parties who can be joined: "If a person has not been joined as required, the court must order that the person be made a party." Accordingly, Plaintiff shall file an amended complaint joining Thuy and Restituto as parties in this action.

/ / / / /

### III. CONCLUSION

For the foregoing reasons, it is ordered as follows:

1. Defendant's Rule 12(b)(6) motion is granted without leave to amend as to the second and fourth causes of action alleging violation of California Civil Code § 2924.10 and seeking to quiet title.

2. Defendant's Rule 12(e) motion for a more definite statement is denied.

3. Defendant's Rule 12(b)(7) motion to dismiss for lack of joinder of indispensable parties is denied.

4. Plaintiff is ordered pursuant to Rule 19(a)(2) to file an amended complaint joining Thuy V. Trinh and Restituto L. Pamelar as parties to this action. Plaintiff shall comply with this order no later than **August 3, 2018.** If Plaintiff files an amended complaint, Defendant shall file its response, if any, as provided by Rule 15(a)(3). If Plaintiff does not file an amended complaint as ordered herein, Defendant shall file no later than **August 10, 2018** a motion under Rule 19(a)(2) for joinder by court order.

**IT IS SO ORDERED.**

Dated: July 20, 2018

_____
Hon. M. James Lorenz
United States District Judge